IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOSES EARL PRICE | § | |
| | § | |
| v. | § | C.A. NO. C-13-003 |
| | § | |
| KIEWIT OFFSHORE SERVS. LTD. | § | |

**OPINION DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff filed this lawsuit alleging that his employer violated Title VII of the Civil Rights Act of 1964 ("Title VII") based on race discrimination. (D.E. 1). Pending is his motion for appointment of counsel. (D.E. 4). For the reasons stated herein, the motion is denied.

**I. LEGAL STANDARD**

Title VII includes a provision allowing for the appointment of counsel. 42 U.S.C. § 2000e-5(f)(1). That provision stipulates that "[u]pon application by the complainant ..., the court may appoint an attorney." Id. A court exercises its sound discretion in deciding whether to appoint. White v. U.S. Pipe & Foundry Co., 646 F.2d 203, 206-07 (5th Cir. Unit B May 1981). The Fifth Circuit has announced that "there is no automatic right to the appointment of counsel in a Title VII case." Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., 556 F.2d 1305, 1309 (5th Cir. 1977) (citations omitted). When a motion to appoint is filed in such a case, the court focuses on three factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990) (citations omitted). None of the factors are, standing alone, dispositive. Id. They are, rather, "ingredients in the total mix of relevant information which should guide the discretion of the district court." Caston, 556 F.2d at 1310. Courts may also consider the plaintiff's ability to effectively represent himself in

determining whether or not to appoint counsel.  Salmon v. Corpus Christi Indep. Sch. Dist., 911 F.2d 1165, 1166-67 (5th Cir. 1990) (per curiam); accord Oviedo v. Lowe's Home Improvement, Inc., 184 F. App'x 411, 412 (5th Cir. 2006) (per curiam) (unpublished).  The burden to justify the appointment rests with the plaintiff.  Caston, 556 F.2d at 1310.

## II.  DISCUSSION

### A.   A Review Of The Merits Of Plaintiff's Claim Does Not Support The Appointment Of Counsel.

Turning to the first factor in the analysis, an assessment of the merits of Plaintiff's claim does not lend support to his request for appointed counsel.  The Fifth Circuit has held that a ruling on a Title VII claim by the Equal Employment Opportunity Commission ("EEOC") is a "highly probative" insight into the likely merits of the claim for purposes of deciding whether to appoint counsel.  Id. at 1309.  Here, the EEOC closed the file on Plaintiff's charge because "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (D.E. 7-1, at 3).  It continued to explain that this conclusion does not establish "that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge."  Id.

Furthermore, there are indications independent of the EEOC decision that suggest Plaintiff's claim is insufficiently meritorious to warrant the appointment of counsel.  The right to sue letter indicated that any lawsuit must be filed within ninety days of Plaintiff's receipt of the notice.  Id.  That notice was mailed on June 29, 2012.  Plaintiff acknowledges that he received the notice, indicating that he received it on June 28, 2012.  (D.E. 1, at 1).[1]  At the earliest, he

---

[1] June 28, 2012 is a day before the EEOC indicates that the notice was mailed, but it would appear that Plaintiff received the notice shortly after it was mailed.

filed his action on October 10, 2012.  See Price v. Kiewit Offshore Servs., Ltd., C-12mc482 (S.D. Tex. Oct. 10, 2012) (complaint).

After an individual receives notice from the EEOC, persons alleging employment discrimination have ninety days to file a lawsuit.  42 U.S.C. § 2000e-5(f)(1); accord Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 373 n.13 (1979).  On its face, it appears there may be a procedural problem with plaintiff's action that no attorney may be able to solve.

The evidence upon which the EEOC relied has not been admitted into the record.  As a result, it would be premature to simply assume that the EEOC's decision was entirely justified in all respects.  See Barnes v. Dep't of Defense, No. EP-07-073, 2007 WL 840508, at *2 (W.D. Tex. Mar. 13, 2007) (unpublished).  Consequently, Plaintiff is advised that if the record evolves in such a way that paints the merits of his claim in a substantially more flattering light, there is nothing to prevent him from re-filing a motion for appointment of counsel and the Court will at that time consider any new evidence he submits.  In the interim, however, given the "highly probative" nature of the EEOC ruling and the omissions in Plaintiff's complaint, the first factor weighs against the appointment of counsel.

**B.     Plaintiff Diligently Sought To Retain Counsel.**

The second factor does militate in Plaintiff's favor.  He provided the names of four attorneys who have previously assisted him in employment discrimination cases, but who declined to present him in this action. (D.E. 4, at 2).  Next, Plaintiff listed 21 other attorneys by name who he sought to have represent him, but they declined as well.  Id. at 3-4.  Based on these representations, he clearly made diligent efforts to engage legal counsel.

On the other hand, it warrants mention that Plaintiff's fruitless quest for counsel does not cut entirely in his favor.  In particular, the fact that numerous attorneys, and several specialists among them, declined to litigate his action further suggests that it is likely lacking in merit.  See Thomas v. Norris, No. 1:07-CV-573, 2008 WL 859190, at *3 (E.D. Tex. Mar. 28, 2008) (unpublished) ("when ... multiple counsel, including counsel with special expertise, have declined to accept employment by a paying client ..., [s]uch fact constitutes strong circumstantial evidence that seasoned and competent counsel view [the plaintiff's] claims as unmeritorious").  On the whole, therefore, Plaintiff's efforts to hire an attorney strengthen his motion for an appointment, but at the same time cast further doubt on the merits of his claim.

C.  **Plaintiff Is Financially Constrained From Retaining Counsel.**

At a January 2, 2013 hearing, Plaintiff provided evidence about his finances.  Magistrate Judge Janice Ellington determined that he "does not have the means to prepay the $350 filing fee."  Price v. Kiewit Offshore Servs., Ltd., C-12mc482 (S.D. Tex. Jan. 2, 2013) (order granting application to proceed *in forma pauperis*).  Thus, it appears that Plaintiff is constrained from hiring his own attorney.

D.  **Plaintiff Is Capable Of Effectively Presenting His Case.**

The ability of a plaintiff to capably present his employment discrimination claims is not one of the central factors outlined by the Fifth Circuit in Caston, but it is nevertheless an additional element that can provide insight into whether the appointment of counsel is appropriate.  See Salmon, 911 F.2d at 1166-67; see also Oviedo, 184 F. App'x at 412.  There is no indication in the present case that Plaintiff cannot capably advocate for his own cause.

### E.        The Appointment Of Counsel At This Time Is Unwarranted.

Viewing the factors as a collective, Plaintiff is not entitled to court-appointed counsel at this time.  Although he diligently sought representation and cannot afford to hire an attorney, these facts are outweighed by the lack of evident merit to his action and his ability to effectively represent himself.  After carefully considering the "ingredients in the total mix of relevant information," it is clear that he has not met his burden and therefore appointment of counsel is not appropriate.  Caston, 556 F.2d at 1310.  He may re-file a motion to appoint if changing circumstances should so justify.

### III.  CONCLUSION

Based on the foregoing reasons, Plaintiff's motion for appointment of counsel, (D.E. 4), is denied without prejudice.

ORDERED this 8th day of February 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE