IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOSES EARL PRICE | § | |
| | § | |
| v. | § | C.A. NO. C-13-003 |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT DEFENDANT'S MOTION TO DISMISS**

Proceeding pro se, Plaintiff has filed this action against an employer who refused to hire him, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, et seq. Pending is Defendant's motion to dismiss. (D.E. 7). Plaintiff has not filed a response. For the reasons stated herein, it is respectfully recommended that Defendant's motion be granted.

**I.  JURISDICTION**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**II.  BACKGROUND**

On April 10, 2012, Plaintiff Moses Earl Price filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant Kiewit Offshore Services, Ltd. ("Kiewit").[1] (D.E. 7-1, at 2-3). In his claim, Plaintiff reported that he had applied for multiple positions at Kiewit between November 1, 2010 and June 12, 2011, but that his applications were rejected each time. Id. He alleged that he was denied employment because Defendant discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as well as on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967 and the Corpus Christi City Ordinance No. 023411, as amended. Id.

---

[1] Plaintiff improperly identified Defendant as "Kiewett Offshore Services, Ltd." (D.E. 7, at 1).

On June 29, 2012, the EEOC mailed Plaintiff a Notice of Right to Sue letter.  (D.E. 7-1, at 3; D.E. 10, at 2-3).  It informed him that if he wished to file an action based on the allegations in his charge, he was required to do so within ninety days of receipt of the notice.  Id.  On October 10, 2012, he filed an application to proceed *in forma pauperis,* accompanied by his complaint alleging that Defendant had discriminated against him on the basis of race in violation of Title VII.  See Price v. Kiewit Offshore Servs., Ltd., C-12mc482 (S.D. Tex. Oct. 10, 2012) (complaint).  His application was granted on January 2, 2013.  Price v. Kiewit Offshore Servs., Ltd., C-12mc482 (S.D. Tex. Jan. 2, 2013) (order) (unpublished).  On February 7, 2013, Defendant filed a motion to dismiss.  (D.E. 7).

### III.  DISCUSSION

Defendant urges that Plaintiff's claims should be dismissed because he failed to file his original EEOC charge within 300 days after the alleged discrimination occurred, and because he failed to file this action within the ninety-day period after he received the EEOC's Notice of Right to Sue.  (D.E. 7, at 1).

**A.   The Standard Of Review For A Motion To Dismiss.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims for failure to state a legally cognizable claim that is plausible.  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  When ruling on a Rule 12(b)(6) motion, a court must accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff.  Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ...

dismissals based on a judge's disbelief of a complaint's factual allegations."). A court may not look beyond the face of the pleadings to determine whether relief can be granted based on the alleged facts. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted); see also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

The Supreme Court recently reiterated the stringent standards that plaintiffs must overcome to survive such a dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In other words, the claim for relief must be plausible, rather than just conceivable. Id. at 570. The allegation of "facts that are 'merely consistent with' a defendant's liability" will not suffice. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). According to the Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); see also Twombly, 550 U.S. at 561 (rejecting the "no set of facts" standard enunciated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) because it permitted the survival of "a wholly conclusory statement of claim ... whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to

3

support recovery"); see also Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) ("conclusory allegations ... masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted).

By authorizing dismissal on the basis of some dispositive issue of law, the Rule 12(b)(6) pleading test dispenses with "needless discovery and factfinding" for the ultimate purpose of streamlining litigation. Nietzke, 490 U.S. at 326-27. The Fifth Circuit has specified that "'[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.'" Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009) (quoting Campbell, 43 F.3d at 975). Moreover, a "court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." Campbell, 43 F.3d at 975 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

**B.      Plaintiff's Claims Should Be Dismissed For Failure To Timely File His EEOC Charge As Well As This Action.**

In Texas, a Title VII plaintiff must file a charge of discrimination within 300 days of learning of the conduct alleged. 42 U.S.C. § 2000e-5(e)(1); Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998) (citations omitted). Therefore, events that occurred more than 300 days before Plaintiff filed his charge of discrimination with the EEOC cannot be the basis of claims for relief pursuant to Title VII. Here, Plaintiff alleges that the last date on which he was subject to discrimination by Defendant was June 12, 2011. Therefore, he had until April 7, 2012, to file his charge with the EEOC. He did not do so until April 10, 2012, however, meaning that the discrimination he alleges cannot form the basis of his claims.

In addition, if a plaintiff seeks to file a claim based on his allegations in an EEOC charge,

he must do so within ninety days of receiving Notice of Right to Sue from the EEOC.  42 U.S.C. § 2000e–5(f)(1); accord Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984) (per curiam); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 373 n.13, (1979) (citations omitted).  This ninety-day period is tolled when a plaintiff files an application to proceed *in forma pauperis* accompanied by a proposed complaint.  Godwin v. Garland Indep. Sch. Dist., 988 F.2d 1210, 1993 WL 82071, at *1 (5th Cir. 1993) (per curiam) (unpublished) (citing Baldwin County Welcome Ctr., 466 U.S. at 151).  If the application is granted, then the complaint is considered timely if the application was filed within the ninety-day time period.

Here, although the EEOC's Notice of Right to Sue letter was mailed to Plaintiff on June 29, 2012, (D.E. 1, at 1), he did not file his application to proceed *in forma pauperis* until October 10, 2012, approximately two weeks after the September 27, 2012 deadline.[2]  Thus, this action is untimely.  Accordingly, it is respectfully recommended that Plaintiff's claims be dismissed.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss, (D.E. 7), be granted, and that Plaintiff's claims, (D.E. 1), be dismissed.

ORDERED this 26th day of February 2013.

                                                                            BRIAN L. OWSLEY
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff indicates that he received the notice on June 28, 2012, the day before it was mailed. (D.E. 1, at 1).  However, it appears that he received it shortly after it was mailed.  The Fifth Circuit has explained that "when the date on which the right to sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."  Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (citations omitted).  Even assuming Plaintiff received the letter seven days after it was mailed, his action would still be untimely.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).