UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOSES EARL PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00003 |
| | § | |
| KIEWETT OFFSHORE SERVICES, LTD., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION AND
TO GRANT DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant Kiewit Offshore Services, Ltd.'s Motion to Dismiss (D.E. 7).  On February 26, 2013, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 11), recommending that Defendant's Motion to Dismiss be granted.  Plaintiff timely filed his Objections (D.E. 12) on March 14, 2013.  D.E. 12.

The Magistrate Judge found that Plaintiff had filed his EEOC charge on April 10, 2012—more than 300 days after the last date of alleged discrimination.  Plaintiff objects, claiming that those facts are wrong and that he filed his charge on March 12, 2012, within his deadline.  He has attached a letter from the EEOC as proof.  D.E. 12, p. 3.  However, the Plaintiff's attached letter is an acknowledgment of the receipt of an intake questionnaire, which on its face advises Plaintiff to contact the EEOC by March 21, 2012 "to complete your formal EEOC Charge of Discrimination and EEOC Affidavit."  *Id*.

The formal charge was dated April 10, 2012.  D.E. 7-1.  Plaintiff's first objection is OVERRULED.

The Magistrate Judge found that Plaintiff filed this action more than 90 days after he was served with the EEOC's Notice of Right to Sue.  Plaintiff objects in broad general terms that those "facts are wrong" and complains that the courthouse is closed on weekends and holidays.  He does not provide any specific calculation of dates to corroborate his argument that his complaint was timely.  Plaintiff's 90-day deadline begins when he receives the EEOC's Notice of Right to Sue.  He claims in his Complaint that he received it on June 28, 2012, which is actually one day prior to the date on the Notice.

The Magistrate Judge acknowledged that case law gives Plaintiff the benefit of up to seven days after the date of the Notice in cases where the date of receipt is unknown or disputed.  That would make the deadline for the Complaint October 4, 2012, a Thursday. The Complaint was filed October 10, 2012.  Plaintiff's issue regarding courthouse closure for holidays and weekends does not account for the extent of his delay.  Plaintiff's second objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and

2 / 3

conclusions of the Magistrate Judge.  Accordingly, Defendant's Motion to Dismiss (D.E.

7) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 18th day of March, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE